**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dale CHALLONER, Defendant–**
**Appellant.**

**No. 01–1075.**

United States Court of Appeals,
Tenth Circuit.

Feb. 23, 2001.

Before BRORBY, EBEL, and
BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

PER CURIAM.

After examining the notice of appeal and motion for stay, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dale Challoner, proceeding pro se,[1] appeals from the district court's order denying his motion to suppress statements in his criminal prosecution, and seeks an emergency stay pending appeal of his trial set for February 26, 2001. Although we construe Mr. Challoner's pro se pleadings liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this court has a duty to examine its own jurisdiction in the first instance. *Maier v. EPA,* 114 F.3d 1032, 1036 (10th Cir.1997). Because we conclude that the district court's denial of Mr. Challoner's motion to suppress is not a final, appeal-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

1. We note that although Mr. Challoner is proceeding in this court pro se, he is represented by appointed counsel.

able order, we must dismiss this appeal for lack of jurisdiction.

A ruling on a motion to suppress evidence in a pending criminal proceeding is interlocutory and not immediately appealable. *DiBella v. United States,* 369 U.S. 121, 131, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *Blinder, Robinson & Co. v. United States (In re Search of Premises Known as 6455 S. Yosemite, Englewood, Colo.),* 897 F.2d 1549, 1554 (10th Cir .1990) (accord). "Orders granting or denying suppression in the wake of [criminal] proceedings are truly interlocutory, for the criminal trial is then fairly in train." *DiBella,* 369 U.S. at 131. Thus, we have no jurisdiction over such rulings. *Id.* Because appellate jurisdiction over the underlying appeal is a prerequisite for this court's consideration of a stay pending appeal, *Desktop Direct, Inc. v. Digital Equip. Corp.,* 993 F.2d 755, 756–57 (10th Cir.1993), we must dismiss Mr. Challoner's motion for stay as moot.

Accordingly, Mr. Challoner's appeal is DISMISSED for lack of jurisdiction, and his emergency motion for stay is DISMISSED as moot.